**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| Wanzek Construction, Inc. | Case No. |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Siemens Gamesa Renewable Energy, Inc. | |
| Defendant. | |

For its Complaint against Defendant Siemens Gamesa Renewable Energy, Inc. ("SGRE"), Plaintiff Wanzek Construction, Inc. ("Wanzek") states and alleges as follows:

**PARTIES**

1.      Wanzek is a North Dakota corporation with its principal place of business in Fargo, North Dakota.

2.      SGRE is a Delaware corporation with its principal place of business in Orlando, Florida.

**JURISDICTION AND VENUE**

3.      This dispute arises out of and relates to the Wind Turbine Generator Repowering Agreement dated April 3, 2019 entered into the by parties (the "Agreement"). A true and correct copy of the Agreement is attached hereto as Exhibit "A".

4.      Jurisdiction is proper under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff, a citizen of North Dakota, and Defendant, a

citizen of Delaware and Florida, and the amount in controversy exceeds $75,000.00 in value, exclusive of costs and interest.

5.      Venue is proper, as Article 15.2.1 of the Agreement requires the U.S. District Court for the Middle District of Florida shall be the exclusive venue for litigation of disputes arising out of or relating to the Agreement.

6.      Venue is also proper under 28 U.S.C. § 1391 because Defendant maintains its principal place of business and conducts business in the Middle District of Florida.

## FACTUAL BACKGROUND

7.      SGRE entered into a Wind Turbine Generator Repowering Agreement dated December 28, 2017 (the "Prime Contract") with MidAmerican Energy Company (the "Owner"), whereby SGRE agreed to repower seventy-six (76) existing wind turbine generators ("WTGs") on the Adair Project located in Iowa (the "Project").

8.      SGRE and Wanzek subsequently entered into the Agreement, whereby Wanzek agreed to perform certain work related to repowering the WTGs on the Project and SGRE agreed to compensate Wanzek for this work.

9.      The Agreement did not incorporate the Prime Contract.

10.     Article 15.3 requires that the Agreement be governed by and construed in accordance with the laws of the State of Iowa, without application of its choice of law or conflict of law rules.

11.     This dispute arises out SGRE's failures to perform various obligations under the Agreement, including but not limited to SGRE's failure to pay Wanzek for work

2

performed and SGRE's arbitrary refusal to execute Scope Change Orders to which Wanzek was entitled, increasing the Contract Price and milestone dates under the schedule.

12.     By commencing this action Wanzek is not waiving or otherwise relinquishing its lien rights relating to the Project.  Wanzek expressly reserves all lien rights under Iowa law.

### Ongoing Weather Delay Events Substantially Impeded Wanzek's Work

13.     Following the issuance of the Notice to Proceed from SGRE, Wanzek commenced its work under the Agreement in the summer of 2019.

14.     Almost immediately upon beginning its performance, Wanzek's work was severely disrupted and delayed by weather events.

15.     Weather Delays are defined in the Agreement as including storm, blizzard, sleet, ice, hail, tornado, lighting or other unusually severe weather condition; as well as winds, the gusts of which would render performance of the work unsafe.

16.     Over the course of the Project, Wanzek submitted timely notice of numerous separate Weather Delay events as required by the terms of the Agreement.

17.     Under Articles 8.3.3 and 9.4, Wanzek was entitled to Scope Change Orders to adjust its schedule and milestone dates, as well as any increase in contract price, on account of Weather Delays.

18.     Beginning in October 2019, SGRE arbitrarily began rejecting Wanzek's properly submitted Scope Change Requests related to Weather Delay events and refused to recognize Wanzek's entitlement for extensions of the Project schedule and accompanying increased costs.

086820\001\5094014.v1

19.     Despite being entitled to additional time to meet milestone dates, due to SGRE's improper refusal to grant the Scope Change Requests, Wanzek was forced to expend considerable resources to try to meet the original dates in the schedule.

### After Refusing to Grant Wanzek Extensions of Milestone Dates, SGRE Improperly Takes Over Portions of Wanzek's Work Leading to Disruption and Inefficiencies

20.     Instead of granting extensions to the milestone dates as required by the terms of the Agreement, or agreeing to issue a Scope Change Order to compensate Wanzek for accelerating its work, SGRE hired third party contractors to the Project site to begin performing portions of Wanzek's work.

21.     At no time did SGRE ever issue Wanzek a Scope Change Order to sign deducting any portion of Wanzek's work from the Agreement.

22.     SGRE failed to properly coordinate its third party contractors with Wanzek's crews, resulting in significant inefficiencies and disruptions to Wanzek's work under the Agreement.

### SGRE is Improperly Withholding Millions of Dollars Owed to Wanzek for Work Performed

23.     The original value to be paid to Wanzek under the Agreement was $15,458,948.00 (the "Contract Price"), which was subject to adjustments in accordance with Article 9.

24.     Wanzek's current approved Contract Price is $16,004,087.00.

25.     In addition to the current approved Contract Price, Wanzek has timely submitted, pursuant to the terms of the parties' Agreement, Scope Change Orders totaling

4

approximately $1.8 million related to both compensable Weather Delays as well as additional work not contemplated under the original scope of the Agreement.

26.     Following SGRE's arbitrary and improper decision to reject any further Scope Change Orders relating to Weather Delays in October 2019, Wanzek expended approximately $4.1 million in forced acceleration efforts to meet the unadjusted milestone dates in the schedule.

27.     After factoring in an equitable adjustment for work not performed by Wanzek, pursuant to the terms of the parties' Agreement, Wanzek is entitled to a final contract value in excess of $19 million.

28.     SGRE has only paid Wanzek $5,251,241.00 to date.

29.     In total, Wanzek is entitled to recover a principal amount of approximately $14.9 million from SGRE. This amount is exclusive of interest, costs, and disbursements to which Wanzek may be entitled to recover.

30.     Although demanded, SGRE has failed and refused to pay Wanzek the amount due and owing to Wanzek.

**COUNT ONE**
**BREACH OF CONTRACT**

31.     Wanzek realleges all previous paragraphs contained herein.

32.     The Agreement is a valid and binding contract.

33.     SGRE contractually agreed to compensate Wanzek for its work on the Project in accordance with the Agreement.

086820\001\5094014.v1

34.     SGRE breached the contract by, among other things, failing and refusing to compensate Wanzek for its work in accordance with the Agreement.

35.     As a direct and proximate result of SGRE's breaches, Wanzek has suffered and continues to suffer damages in a principal amount in excess of $14 million, the precise amount of which will be proven at trial.

36.     Wanzek is entitled to judgment against SGRE in a principal amount in excess of $14 million, plus all allowable interest, costs, and disbursements, the precise amount of which will be proven at trial.

**COUNT TWO**
**QUANTUM MERUIT/UNJUST ENRICHMENT**

37.     Wanzek realleges and incorporates Paragraphs 1-6 and 10.

38.     Wanzek furnished labor, materials, tools, and equipment on the Projects at the request of, or with the consent, knowledge, and/or acquiescence of SGRE and for which Wanzek is entitled to compensation.

39.     SGRE had reason to understand that the work Wanzek performed on the Project was done for SGRE's benefit and were not rendered gratuitously, but with the expectation of compensation from SGRE.

40.     The work Wanzek performed on the Project was beneficial to SGRE, and SGRE was enriched by the receipt of that benefit.

41.     The enrichment received by SGRE has been at the expense of Wanzek such that it would be unjust to allow SGRE to retain the benefit under the circumstances.

42.     Wanzek is entitled to judgment against SGRE in a principal amount in excess of $14 million, plus all allowable interest, costs, and disbursements, the precise amount of which will be proven at trial.

WHEREFORE, Wanzek requests judgment as follows:

1.     On Count I, judgment for Wanzek and against SGRE in the principal amount in excess of $14 million, plus all allowable interest, costs, and disbursements the precise amount of which will be proven at trial.

2.     Or in the alternative, on Count II, judgment for Wanzek and against SGRE in the principal amount in excess of $14 million, plus all allowable interest, costs, and disbursements the precise amount of which will be proven at trial.

3.     Awarding any other relief that the Court may deem just and equitable.

DATED: July 17, 2020                          /s/ Ben W. Subin
                                              Ben W. Subin, Esquire
                                              Florida Bar No.:  982776
                                              ben.subin@hklaw.com
                                              Jennifer S. Lowndes, Esquire
                                              Florida Bar No. 76967
                                              Jen.lowndes@hklaw.com
                                              HOLLAND & KNIGHT LLP
                                              200 South Orange Avenue, Suite 2600
                                              Orlando, Florida 32801
                                              Telephone:  (407) 425-8500
                                              Facsimile:  (407) 244-5288
                                              *Trial Counsel for Plaintiff*